UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    KAE-PUN YI a/k/a
    KAEPUN YI a/k/a KATHY YI,                   Chapter 7
                                                                  Case No. 14-75101 (REG)
                Debtor.
----------------------------------------------------------X

### ORDER DIRECTING DEBTOR TO TURN OVER POSSESSION OF THE COOPERATIVE APARTMENT LOCATED AT 2449 UNION BOULEVARD, APT. 29A, ISLIP, NEW YORK

Upon the motion (the "**Motion**") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**"), of the estate of Kae-Pun Yi a/k/a Kaepun Yi a/k/a Kathy Yi (the "**Debtor**"), by and through his counsel, SilvermanAcampora LLP, seeking the entry of an order (i) directing the Debtor to turn over to the Trustee the Debtor's cooperative apartment located at, and known as, 2449 Union Boulevard, Apt. 29A, Islip, New York (the "**Property**") with keys pursuant to 11 U.S.C. §§105(a), 541 and §542(a); (ii) authorizing the Trustee, under the supervision and with the assistance of the United States Marshal, to take all necessary steps to take possession of the Property in the event the Debtor does not turn over the Property in a timely manner; and (iii) granting such other and further relief as this Court deems just and proper; and that notice and a copy of the Motion and proposed order having been served on the Debtor, the Office of the United States Trustee, and all entities having filed a Notice of Appearance in the Debtor's case; and no objections to the Motion having been interposed thereto; and upon the hearing conducted by the Court on June 12, 2017; and the Court having found that the entry of this order is fair and reasonable and in the best interest of the estate and its creditors; and sufficient cause having been shown therefore; and no additional notice being necessary or required; and after due deliberation by this Court; and

**IT APPEARING**, that this Court has jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§157 and 1334;

**IT FURTHER APPEARING**, that the Debtor is an entity from whom the Trustee can obtain a turnover of property of the Debtor's estate;

**IF FURTHER APPEARING**, that the Debtor owns the Property;

**IT FURTHER APPEARING**, that the Debtor remains in possession and control of the Property;

**IT FURTHER APPEARING**, that the Debtor continues to use and occupy the Property;

**IT FURTHER APPEARING**, that subject to approval of the Court, the Trustee is in the process of selling the Property to a successful bidder at a public sale of the Property to be held on a date to be determined (the "**Public Sale**"), at a location to be determined, free and clear of all liens, encumbrances, claims and liabilities on the Property, and pursuant to the terms and conditions set forth in the Terms and Conditions of Sale, which terms include the delivery of the Property vacant at closing, subject to closing (the "**Closing**") after entry of an order approving the results of the Public Sale;

**IT FURTHER APPEARING**, that notice and a copy of the Motion having been served on: (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all entities having filed a Notice of Appearance in the Debtor's case;

**IT FURTHER APPEARING**, that no other or further notices need be given;

**IT FURTHER APPEARING**, that service of the Motion and notice thereof constitutes good and sufficient notice as evidenced by the Affidavit of Service, dated May 8, 2017, and filed with the Court;

**AND UPON** the Motion and the record of the Hearing held before this Court on June 12, 2017 (the "**Hearing**"), the transcript of which is incorporated by reference, and after due deliberation having been had and no objections or other responses having been filed to the Motion, and good and sufficient cause having been shown;

**IT IS HEREBY FOUND THAT**[1],

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334 and this matter is a core proceeding under 28 U.S.C. 157(b)(2)(A), (E) and (O). Venue of this Chapter 7 case and the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief sought in the Motion are Sections 105(a) and 542 of the Bankruptcy Code.

3. The Property is property of the Debtor's estate under Section 541 of the Bankruptcy Code.

4. Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Rule 2002, which notice adequately described the nature of the Hearing and the relief requested in the Motion and which notice was good and sufficient, and appropriate under the particular circumstances and no other or further notice of the Motion or of the entry of this Order is required.

5. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested has been afforded to all interested persons and entities, including: (i) the Debtor; (ii) the Office of the United States Trustee; and (iii) all entities having filed a notice of appearance in the Debtor's case.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is hereby granted as set forth herein.

2. All objections to the Motion or the relief requested therein, if any, that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled.

3. Upon the service on the Debtor by e-mail, facsimile transmission, or hand delivery of written notice of a Closing Date (the "**Notice of Closing**"), the Debtor is directed to and shall turn over the Property and keys to the Trustee and remove her personal property from the Property no later than seven (7) days prior to the Closing Date (the "**Turnover Deadline**"), provided that the Trustee shall serve the Notice of Closing on the Debtor and file same with the Court no less than twenty-one (21) days before the Closing Date.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as finding of fact when appropriate. See Rule 7052 of the Federal Rules of Bankruptcy Procedure.

4. If the Debtor does not turn over the Property and keys to the Trustee by expiration of the Turnover Deadline, the Trustee is hereby authorized to file with the Court an affidavit of such non-compliance and serve same by e-mail, facsimile transmission, hand delivery, or posting on the door of the Property and mailing a copy to the address of the Property, on the Debtor, and the Office of the United States Trustee, and submit an order, on notice by e-mail, facsimile transmission, hand delivery, or posting on the door of the Property and mailing a copy to the address of the Property, on the Debtor, and the Office of the United States Trustee, providing for the authorization of the Trustee, under the supervision and with the assistance of the United States Marshal, to take all necessary steps to take possession of the Property (the "**U.S. Marshal Order**") in a form substantially similar to the form annexed to the Motion as Exhibit B, with the U.S. Marshal Order to be effective no less than seven (7) days after entry of that order by the Court.

5. Kenneth P. Silverman, Esq., in his capacity as the chapter 7 trustee, be, and hereby is, authorized and directed to take such steps, execute such documents and expend such funds as may be necessary to effectuate and implement the terms and conditions of this Order.



Dated: Central Islip, New York
June 13, 2017

/s/ Robert E. Grossman
Robert E. Grossman
United States Bankruptcy Judge